IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL FUENTES, on behalf of himself and similarly situated employees,<br><br>Plaintiff,<br>v.<br><br>J. PERRY & SONS, INC.,<br>Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON APRIL 26, 2024<br><br>CLASS/COLLECTIVE ACTION |

## COMPLAINT

Manuel Fuentes ("Plaintiff") brings this lawsuit against J. Perry & Sons, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and Internal Revenue Code provision 26 U.S.C. § 7434 ("IRC § 7434"). Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit). Meanwhile, in the absence of discovery, Plaintiff's IRC § 7434 claim is asserted on behalf of himself alone.

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under, *inter alia*, 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff resides in Warminster, PA (Montgomery County).

5. Defendant is a corporate entity headquartered in Fort Washington, PA (Montgomery County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides "complete lawn care for residential and commercial properties, from design and installation to seasonal yard maintenance and outdoor living areas." https://www.jperryandsonslandscaping.com/ (last visited 4/26/24).

9. Defendant employs workers who are paid an hourly wage to provide landscaping and related services to Defendant's customers. Plaintiff was so employed prior to around November 2023. He generally earned $25/hour.

10. Defendant's hourly employees often worked over 40 hours per week. Plaintiff, for example, often worked 45-50 hours per week and sometimes worked over 50 hours.

11. During the three-year period covered by Plaintiff's FLSA and PMWA claims, Defendant generally has paid Plaintiff and other hourly employees their straight-time hourly wage for all hours worked, *including hours worked over 40 per week*. For example, during weeks in which Plaintiff worked over 40 hours, he was paid $25.00 for every hour worked. No overtime premium pay was provided.

12. Moreover, at the end of each tax year, Defendant issued to Plaintiff IRS W-2 forms that did not include or reflect all of the payments that Defendant made to Plaintiff for work performed during the year.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C.

§216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals who, during the past three years, have been employed by Defendant and paid an hourly wage.

14. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

17. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and

efficient adjudication of this litigation.

### COUNT I – FLSA

21. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

22. In paying Plaintiff and other collective members straight-time wages for hours worked over 40, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

### COUNT II – PMWA

23. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

24. In paying Plaintiff and other class members straight-time wages for hours worked over 40, Defendant violated the PMWA.

### COUNT III – IRC § 7434

25. Internal Revenue Code 26 U.S.C. § 7434, titled "Civil damages for fraudulent filing of information returns," provides for a private right of action against employers that "willfully file[] a fraudulent information return with respect to payments purported to be made to" employees. 26 U.S.C. § 7434(a).

26. The term "information return" includes IRS W-2 forms. *See* 26 U.S.C. § 7434(f); *Rosario v. Fresh Smoothies LLC*, 2021 U.S. Dist. LEXIS 236250, *15 (S.D.N.Y. Dec. 9, 2021).

27. During each year of Plaintiff's employment, Defendant violated 26 U.S.C. § 7434 by knowingly and deliberately filing IRS W-2 forms that did not include or reflect all of the

payments that Defendant made to Plaintiff for his work.

## **PRAYER FOR RELIEF**

With respect to the FLSA and PMWA claims, Plaintiff seeks the following relief on behalf of himself and other members of the class/collective: (i) unpaid overtime wages; (ii) prejudgment interest; (iii) liquidated damages; and (iv) litigation costs, expenses, and attorneys' fees.  Meanwhile, with respect to the IRC § 7434 claim, Plaintiff seeks the following relief on behalf of himself alone: (i)  the greater of statutory damages of $5,000 for each instance in the past six years that Defendant issued a fraudulent W-2 form or actual damages sustained as a proximate result of the filing of fraudulent W-2 forms (including any costs attributable to resolving deficiencies asserted as a result of such filing), *see* 26 U.S.C. § 7434(b)(1); (ii) prejudgment interest; (iii) liquidated damages; and (iv) litigation costs, expenses, and attorneys' fees.

Date:  April 26, 2024

Respectfully,

/s/ Peter Winebrake

_____
Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature – Manuel Fuentes